FILED
December 19, 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____BriannaWinter_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **NICOLE JACKSON,** | § | |
| Plaintiff | § | |
| | § | |
| vs | § | CIVIL ACTION NO. 6:19-CV-00715 |
| | § | |
| **STONEHAVEN DENTAL - HARKER** | § | |
| **HEIGHTS, PLLC a/k/a STONEHAVEN** | § | |
| **DENTAL & ORTHODONICS, and** | § | **JURY TRIAL DEMANDED** |
| **STONEHAVEN DENTAL, PLLC, and** | § | |
| **MB2 DENTAL SOLUTIONS, LLC** | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now Comes NICOLE JACKSON, hereinafter called "Plaintiff" complaining of STONEHAVEN DENTAL - HARKER HEIGHTS, PLLC a/k/a STONEHAVEN DENTAL & ORTHODONICS, and STONEHAVEN DENTAL, PLLC, and MB2 DENTAL SOLUTIONS, LLC, hereinafter referred to as "Defendant," and for cause of action would show the Court and Jury the following:

### SUMMARY OF THE COMPLAINT

This is an employment law suit alleging hostile work environment and discriminatory discharge of Plaintiff by Defendant based on race, as well as retaliation for opposing illegal discrimination. Plaintiff alleges causes of action under *Title VII of the Civil Rights Act of 1964 (Title VII); 42 U.S.C. § 1981, as amended in 1991 (§ 1981)*; and *Chapter 21 of the Texas Labor Code (Texas Labor Code)* and seek a jury trial to recover damages for back pay, front pay, compensatory damages, punitive damages, and attorney's fees.

## PARTIES

1. Plaintiff is an individual. Defendant is an entity doing business in the state of Texas. Defendant was the employer of Plaintiff at all times relevant to this suit. Plaintiff brings this suit against the entity or entities, which have done business as "Stonehaven Dental - Harker Heights, PLLC" and/or "Stonehaven Dental & Orthodonics" and/or "Stonehaven Dental, PLLC" and/or "MB2 Dental Solutions, LLC" in Texas and employed, discriminated, and discharged Plaintiff from employment. Therefore, Plaintiff brings this suit against all of entities which employed Plaintiff at the time of any discrimination against them and at the time of termination of her employment.

2. Plaintiff is an adult citizen whose domicile is Texas. Plaintiff's residence is in Temple, Bell County, Texas.

3. Defendant operates a business in Bell County, Texas. The registered agent for Defendant is Justin Puckett, 2403 Lacy Lane, Carrollton, Texas 75006-6514.

## JURISDICTION & VENUE

4. Jurisdiction is based on a federal question under 28 U.S.C. § 1331 to the extent assert claims under federal law; i.e., *Title VII of the Civil Rights Act of 1964* and *42 U.S.C.§ 1981.*

5. Jurisdiction of Plaintiff's claims under the *Texas Labor Code* is also appropriate under *28 U.S.C. § 1367*, since the state law causes of action are so related to the federal claims in the action within the Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6. At all times relevant to this cause of action, Plaintiff was an "employee" of Defendant and Defendant was an "employer," as these terms are defined under *Title VII, 42 U.S.C.§ 1981,* and

*Chapter 21 of the Texas Labor Code*. Plaintiff has exhausted her administrative remedies as required by law and as hereinafter stated.

7. Defendant has a business location in Bell County, Texas. A substantial portion of the causes of action complained of herein occurred in Bell County, Texas.

## FACTS

8. Plaintiff, whose race is Black (sometimes referred to as African American), was employed by Defendant from December 2016 until she was illegally discharged from employment by Defendant on July 24, 2017.

15. Plaintiff worked at Defendant's Harker Heights, Bell County, Texas location as an office assistant.

16. Plaintiff was treated differently by Defendant based on her race. The dentist, with which Plaintiff worked closely would single her out in front of patients to embarrass her, was more aggressive/rude with her than with White ( also sometime known as Caucasian) employees, often ignored her, and would take away certain duties and give them to White employees to do instead, thus creating a hostile working environment based on race.

17. On or about April 17, 2017, Plaintiff complained to Defendant's office manager that she believed the unfair and discriminatory treatment by this dentist seemed to be due to her race. Defendant's office manager relayed this complaint to Defendant's human resources department.

18. On July 7, 2017, Plaintiff complained about this racially discriminatory behavior and hostile work environment based on race to her supervisors. On July 15, 2017, Plaintiff asked Defendant's human resources representative about the status of her complaint about racial discrimination, who assured her that the complaint was under investigation.

19. On July 25, 2017, Plaintiff was terminated.

## CAUSES OF ACTION

20. Defendant's actions in harassing Plaintiff, creating a racially hostile work environment, and/or the termination of Plaintiff's employment, as described above, were in violation of *Title VII, 4, § 1981, and/or the Texas Labor Code* and constituted discrimination against Plaintiff based on race.

21. Further, Defendant's actions, as described above, in creating a racially hostile environment, and in terminating Plaintiff's employment were because Plaintiff opposed/complained of illegal discrimination against Plaintiff based on her race (Black) and constituted retaliation for having complained about/opposed racial discrimination/racially hostile environment based on race in violation of the statutes listed in the preceding paragraph.

22. Regarding Plaintiff's claim under *42 U.S.C.§ 1981, as amended in 1991*, Plaintiff alleges that Defendant violated said statute by creating a racially hostile work environment, terminating Plaintiff's contract of employment with Defendant denying her the enjoyment thereof based on her race (Black) and retaliated against her because of her complaining about and opposing racial discrimination resulting in her termination of her job contract, which those employees of the White race were enjoying, as prohibited by said statute.

23. All of the foregoing alleged actions of Defendant resulted in damages to Plaintiff as described below. Plaintiff hereby invokes the authority, protection, and remedies of the statutes stated above, as well as any other laws to which Plaintiff may be entitled to invoke and utilize, in order to sue Defendant for said actions and resulting damages.

## DAMAGES

24. As a result of the above actions by Defendant, Plaintiff has lost past and future wages and benefits of employment that Plaintiff received from Defendant. Further, Plaintiff has suffered pecuniary losses and past and future compensatory damages, including but not limited to, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## PUNITIVE DAMAGES

25. Defendant's wrongful actions in harassing and terminating Plaintiff was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant.

## ADMINISTRATIVE PREREQUISITES

26. Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Equal Employment Opportunity Commission (EEOC), which is a joint filing with the Texas Workforce Commission-Civil Rights Division (TWCCRD), based on their work sharing agreement, exhausted all administrative remedies, and requested right to sue letters from the EEOC and the TWCCRD on October 23, 2019. Plaintiff received a right to sue from the EEOC on November 4, 2019 and from the TWCCRD on November 27, 2019 and filed suit within the statutorily mandated period. All other conditions precedent to this suit have been performed or have occurred.

## INJUNCTION/EQUITABLE RELIEF

27. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful

employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in Title VII and § 21.258 of the Texas Labor Code. Plaintiff further requests reinstatement if reasonably possible under the circumstances at the time of the order.

## ATTORNEY'S FEES

28. Plaintiff had to employ one or more attorneys to vindicate her rights under the law, and seek reasonable and necessary attorneys' fees.

## JURY DEMAND

29. Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that Plaintiff be awarded relief and damages, as stated above, including past and future lost compensation and benefits, past and future compensatory damages, punitive damages, injunctive relief, reinstatement if reasonably possible, attorney fees, costs of court, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
By:  /s/ Danny C. Wash
    **Danny C. Wash**
    Texas State Bar No. 20896000
    Email- danwash@washthomas.com

and

        Nicole M. Conger
        State Bar No. 24064571
        The Law Office of Nicole Conger, PLLC
        401 Congress Ave., Suite 1540
        Austin, Texas 78701
        512-413-4260
        nicole@nicoleconger.com

        ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 06/17)  **CIVIL COVER SHEET**  CASE NO. 6:19-CV-00715

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.